# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA HAGGARD,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No.: 13-cv-0219 MMA (RBB)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER [ECF NO. 8] -- AS MODIFIED BY THE COURT** |

Based upon the parties' Joint Motion for Issuance of a Protective Order regarding material disclosed in the course of the above-captioned lawsuit ("Lawsuit") that constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

    1.    This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

    2.    The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking

such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in a form mutually agreeable to the parties) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such

testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the part designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Oder.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All communications shall indicate clearly which portions are designated to be "Confidential."

10. No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial.  Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

|  |  |
|---|---|
| 1 | "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER." |

2  If any person fails to file protected documents or information under seal, any party
3  to this lawsuit may request that the Court place the filing under seal.

4        Whenever the Court grants a party permission to file an item under seal, a
5  duplicate disclosing all nonconfidential information shall be filed and made part of
6  the public record.  The item may be redacted to eliminate confidential material from
7  the public document.  The public document shall be titled to show that it
8  corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration
9  of John Smith in Support of Motion for Summary Judgment."  The sealed and
10 redacted documents shall be filed simultaneously.

11       11.   If a non-designating party is subpoenaed or ordered to produce
12 Confidential Material by another court or administrative agency, such party shall
13 promptly notify the designating party of the pending subpoena or order and shall
14 not produce any Confidential Material until the designating party has had reasonable
15 time to object or otherwise take appropriate steps to protect such Confidential
16 Material.

17       12.   If a party believes that any Confidential Material does not contain
18 confidential information, it may contest the applicability of this Order to such
19 information by notifying the designating party's counsel in writing and identifying
20 the information contested. The parties shall have thirty days after such notice to
21 meet and confer and attempt to resolve the issue. If the dispute is not resolved within
22 such period, the party seeking the protection shall have thirty days in which to make
23 a motion for a protective order with respect to contested information. Information
24 that is subject to a dispute as to whether it is properly designated shall be treated
25 as designated in accordance with the provisions of this Order until the Court issues
26 a ruling.

27
28

C:\Users\marciag\AppData\Local\Temp\notes8F7E19\Protective Order 050613.doc    -4-    13-cv-0219

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER [ECF NO. 8] –
AS MODIFIED BY THE COURT

13. Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

1  18.  The Court may modify this Order *sua sponte* in the interest of Justice.

2  19.  This Order is subject to further court orders based upon public policy and other considerations.

IT IS SO ORDERED.

Dated:  May 16, 2013          By: _____
Ruben B. Brooks, Magistrate Judge
United States District Court